# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANYA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. |
| | ) |
| NAVIENT SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

Plaintiff DANYA JOHNSON ("Plaintiff"), through counsel, seeks redress for Defendant NAVIENT SOLUTIONS, LLC'S ("Defendant") violation of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act, as well as O.C.G.A. § 10-1-391, *et seq.*, the Georgia Fair Business Practices Act ("GFBPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court, with respect to the TCPA arises under 28 U.S.C § 1331, 28 U.S.C §1337(a). This Court has supplemental jurisdiction over the GFBPA claims under 28 U.S.C. § 1367.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within this venue.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Georgia, residing in Newton County, Georgia.

4. Defendant is a Delaware corporation, with its principal place of business located in Reston, Virginia.

5. Defendant regularly engages in business throughout the State of Georgia and derives substantial revenue from interstate commerce.

## FACTUAL ALLEGATIONS

## COUNT I. VIOLATION OF THE TCPA

6. Defendant and/or its agents called Plaintiff's cellular telephone, ending in 4745, an egregious number of times within the last four years.

7. On or about June 2017, without Plaintiff's consent, Defendant commenced its incessant calling campaign in an attempt to collect five separate debts from Plaintiff.

8. The debts which Defendant sought to collect from Plaintiff are financial obligations Plaintiff incurred primarily for personal, family, or household purposes. In particular, each of the debts are separate student loans Plaintiff obtained to support and/or further his education.

9. Each of the five debts (collectively, the "Consumer Debt") which Defendant sought to collect from Plaintiff were assigned unique identification

numbers, whereby the last four digits of each such number are as follows: 1104, 1112, 1120, 1138, and 1146.

10. In attempting to collect the Consumer Debt, Defendant regularly called Plaintiff's cellular telephone, ending in 4745, often more than twice in a single day.

11. Plaintiff has not, at any time material hereto, provided his cellular telephone number to Defendant, nor did Plaintiff consent to Defendant calling his cellular telephone.

12. Defendant utilized an ATDS and prerecorded voice messages when it or its agents called Plaintiff.

13. Defendant's use of an ATDS to call Plaintiff is evidenced by, including but not limited to, the distinct pause regularly noticed by Plaintiff – whereby when Plaintiff would answer Defendant or its agent's telephone call, there was a noticeable pause before Defendant or its agent would begin speaking; and

14. Defendant's repeated and intrusive calls came with such frequency Plaintiff felt constantly harassed.

15. On September 28, 2017, Plaintiff contacted Defendant and instructed Defendant to stop calling Plaintiff on his cellular telephone (ending in 4745), as well as to cease all communication with Plaintiff related to the Consumer Debt.

16. Plaintiff received at least 250 calls from Defendant after asking Defendant to stop calling.

17. Despite Plaintiff's instructions to the contrary, Defendant continued to place repeated, automatically dialed telephone calls to Plaintiff's cellular telephone.

18. As of the filing of this action, Defendant's willful and knowing practice of placing numerous and repeated automatically dialed and/or prerecorded telephone calls to Plaintiff's cellular telephone continues unabated.

19. The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service ... or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

20. Here, Defendant and its agents placed over 250 unsolicited telephone calls to Plaintiff cellular phone without his prior consent and utilized an ATDS and/or an prerecorded voice message in making such calls.

21. Even after receiving unequivocal instructions/information to the contrary, in that, Plaintiff contacted Defendant and explicitly told Defendant to stop calling Plaintiff, Defendant has placed, and continues to place egregious number of daily calls to Plaintiff using an automatic telephone dialing system and/or prerecorded voice.

22. In light of the preceding, Defendant violated 47 U.S.C. § 227

(b)(1)(A)(iii), and as a result, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited telephone calls.

## COUNT II. VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-391, *et seq.*

23. The conduct of Defendant described above in paragraphs 6-22 and below in paragraphs 24-36 violated the GFBPA by use of unfair and deceptive acts and practices within the meaning of O.C.G.A. § 10-1-393.

24. Defendant's actions in in calling Plaintiff have taken place in the conduct of consumer acts or practices.

25. Defendant's phone calls to Mr. Johnson were illegal under Georgia law. OCGA § 16-11-39.1(a) provides that "[a] person commits the offense of harassing phone calls if such person telephones another person <u>repeatedly, whether or not conversation ensues</u>, for the purpose of annoying, harassing, or molesting another person…" A person may commit the offense of "harassing phone calls" in separate and alternative ways. *Hazelton v. State,* 200 Ga. App. 61, 63, 406 S.E.2d 569 (1991). Either a single telephone call that threatens bodily harm <u>or repeated calls for the purpose of annoying, harassing, or molesting another may constitute the offense of harassing phone calls</u>. *State v. Mack,* 231 Ga. App. 499, 499 S.E.2d 355 (1998).

26. In addition to, and in conjunction with, the repeated calls, Defendant has also dispatched numerous letters and e-mails to Plaintiff in an attempt to collect the Consumer Debt.

27. As of this filing, Plaintiff has received five (5) letters from Defendant in an attempt to collect the Consumer Debt.

28. As of this filing, Plaintiff has received five (5) e-mails from Defendant in an attempt to collect the Consumer Debt.

29. In the collection letter dated "December 12, 2017," Defendant stated: "If we do not hear from you by December 29, 2017, we will move forward with referral to our legal network partner for litigation review." The heading of this collection letter reads, in large bold text, "**Litigation Review**." At the bottom of this collection letter, Defendant states: "This is an attempt to collect a debt, and information obtained will be used for that purpose."

30. In the collection letter dated "December 14, 2017," Defendant stated: "Because you have not resolved the delinquency or established a payment arrangement, we must take alternative course of action." The heading of this collection letter reads, in large bold text, "**Litigation Review**." At the bottom of this collection letter, Defendant states: "This is an attempt to collect a debt, and information obtained will be used for that purpose."

31. In the collection letter dated "January 10, 2018," Defendant stated: "Since you have not resolved the delinquency, your account was sent to our legal network partner to be reviewed for litigation." Next to the terms "Additional information," Defendant further states "Results expected within 15 days from the date of this letter." The heading of this collection letter reads, in large bold text, "**Litigation Review**." At the bottom of this collection letter, Defendant states: "This is an attempt to collect a debt, and information obtained will be used for that purpose."

32. On February 9, 2018, Plaintiff received a collection e-mail from Defendant. In this collection e-mail Defendant stated: "Please contact us by February 27, 2018. We may not be able to assist you after this date." At the bottom of this collection e-mail Defendant states "This is an attempt to collect a debt and any information obtained will be used for that purpose."

33. On February 27, 2018, Plaintiff received a collection e-mail from Defendant. In this collection e-mail Defendant stated: "Please consider this a critical reminder," and "Your private loan status will change on February 28, 2018, unless you take action." At the bottom of this collection e-mail Defendant states "This is an attempt to collect a debt and any information obtained will be used for that purpose

34. Defendant made 250 calls to Plaintiff in an attempt to collect a debt.

35. Defendant knowingly or willfully used automated dialing equipment to place telephone calls to Plaintiff's cellular telephone for the purpose of soliciting information or attempting to collect a debt.

36. Defendant's actions in attempting to collect a debt have otherwise been unfair or deceptive in violation of the GFBPA.

37. Defendant acted intentionally in violating the GFBPA.

38. Plaintiff has suffered damages because of Defendant's violations of the GFBPA in an amount to be proven at trial.

39. Plaintiff is entitled to treble damages pursuant to O.C.G.A. § 10-1-399.

40. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages of $500.00 for each TCPA violation determined to be negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);
(2) Treble damages of $1,500.00 for each TCPA violation determined to be willful and/or knowing, pursuant to 47 U.S.C. § 227(b)(3)(C);
(3) An injunction requiring Defendant to cease all unsolicited telephone calling activities;
(4) Actual Damages;
(5) Treble damages for intentional violations;
(6) Attorney's fees and expenses of litigation under Georgia's Fair Business Practices Act and under O.C.G.A. § 13-6-11; and
(7) Such other or further relief as the Court deems equitable, just, or proper.

JURY TRIAL DEMANDED

Dated: July 12, 2019.

Respectfully submitted,

By: /s/**Orion G. Webb**
Orion G. Webb, Esq.
**SMITH, WELCH, WEBB & WHITE, LLC**
Georgia Bar No. 479611
280 Country Club Drive
Suite 300
Stockbridge, GA  30281
T. (770) 389-4864
F. (770) 389-5193
owebb@smithwelchlaw.com

By: **/s/ David Prado**
David Prado, Esq.
Georgia Bar No. 876286
The Prado Law Firm, LLC

>3056 Greyfield Pl
>Marietta GA 30067
>Telephone: (470) 353-8870
>Dprado@ThePradoLawFirm.com
>
>**Attorneys for Plaintiff**

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Plaintiff's counsel hereby certifies that this pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1.

>**SMITH, WELCH, WEBB & WHITE, LLC**
>
>**/s/ Orion G. Webb**
>ORION G. WEBB
>Georgia State Bar No. 479611
>Attorney for Plaintiff